Nicholson, C. J.,
delivered the opinion, of the court:
Wetter plead guilty on an indictment for keeping a gaming house, and was fined $50, and ordered to give bond in $2,000 for'his good behavior for twelve months.
Defendant appealed from so much of the judgment as required him to give bond for bis good behavior for twelve months. .
The record raised the question whether . the- criminal judge had the power to annex to the punishment for keeping a gaming house, prescribed by statute, a penalty by way of preventive justice by requiring a bond for good behavior.
, The punishment fixed by sec- 4872 .of .the .Code, [Shannon’s Code, 6806], for keeping a gaming house, is a fine *600 not less than $50, and not more than $500, or imprisonment not exceeding one year, or fine and imprisonment within those limits.
By the common law keeping a gaming house was a misdemeanor, and as such subject to- punishment by fine or imprisonment, or by both; and if the judge regard the offense as a gross misdemeanor, he might require the offender to give bond and security for his good behavior*. Estes v. The State, 2 Hum., 498.
The question is, whether the legislature, in so modifying and changing the common law punishment of the offense of keeping a gaming house as to specify the limits within which the discretion of the judge might be exercised, did not intend thereby to confine his discretion within these limits, and thereby to prescribe fine and imprisonment within the limits stated as the only punishment which could be inflicted? We understand the statute prescribing the punishment for keeping gaming houses as a restriction upon the discretion of the judge, and intended to make more certain the offenses as well as-the punishment to be inflicted, and thereby of leaving as little to the discretion of the judge as is consistent with the public good and the rights of individuals.
We doubt whether the policy of allowing judges by way of preventive justice, to annex to the punishment prescribed for gross misdemeanors by law, the additional penalty of requiring offenders to- give security, at the discretion of the judge, for further good behavior, has ever been recognized as a part of the common law adopted in our state. Certain it is that we are not aware that it has ever been practiced upon, except in the way of suspending the punishment until a future term, thus retaining jurisdiction of the cause for the purpose of determining, upon a view of the conduct of the offender, whether the punishment should not be diminished or remitted, but that is wholly different *601 from fixing tbe punishment, and, in addition, annexing the penalty of giving bond and security for good behavior.
To concede to the judge power to require bond and security for good behavior in cases of gross misdemeanor, necessarily invests him with a discretion which might be exercised in a manner to make' the preventive justice more oppressive than the punishment fixed by the statute. It would be left to the judge to determine what misdemeanors he would regard as gross, and as different judges might have different views as to the grade of misdemeanors, there would be no certainty or uniformity as to the offenses in which the judge might resort to the penalty of a bond for good behavior as a measure of preventive justice.
But aside from this difficulty, if the bond and security are to be effective it would be necessary to resort to the proper means to enforce a breach of the undertaking. In such case it might be a very embarrassing question to determine what is meant by “good behavior,” and then, in what tribunal would these questions be tried and the penalty enforced, in the absence of any statutory provisions, might be very embarrassing questions unless wei should hold that all these matters belonged to the discretion of the judge, as incidents of his discretionary power in providing for preventive justice.
"We have in the Code, sec. 4959 [Shannon’s Code, sec. 6920], a law which authorizes a circuit or criminal court, on a conviction for an offense against the person or property of another, to require the defendant to give security to keep the peace for not exceeding twelve months. But provisions are specially made showing when and how the bond is forfeited, and how it is to be ascertained and enforced. Secs. 4960-4962 [Shannon’s Code, secs. 6921— 6923].
It would appear reasonable that if the legislature intended this power to be exercised by judges as to' any other offenses except as to offenses against the person or property *602 of another, they would have so enacted. The fact that they have conferred this power in offenses against the person and property of another alone, and have made specific provisions as to the extent within which the offense of keeping gaming houses may be punished, would seem to justify us in concluding that it was not intended that the common law rule on the subject as to requiring'bonds for good behavior should remain in force. We can see that a law authorizing judges to administer preventive justice by requiring bonds for good behavior, with provisions for the mode of enforcing them, might be a wise measure in regard to’ certain gross misdemeanors, but we think this is a measure to be prescribed by the legislatures, and not to be left to judicial discretion.
The judgment so far as it is appealed from, is reversed.